United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES FOR THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TERESA WHARTON, individually and d/b/a WHARTON UNDERGROUND,<br><br>    Defendant.<br>_____/ | No. C 06-03943 CRB<br><br>**ORDER GRANTING PRELIMINARY MANDATORY INJUNCTION** |

    In this ERISA action, plaintiffs seek an order requiring defendant to submit to an audit of her books and records, as well as unpaid contributions, penalties and interest. Now pending before the Court for decision is plaintiffs' motion for a preliminary mandatory injunction requiring defendant to submit to an audit. Defendant has not answered the complaint, and her default was entered on November 2, 2006; she also has not responded to this motion. After carefully considering plaintiffs' moving papers, the Court concludes that oral argument is unnecessary and GRANTS plaintiffs' motion.

    On plaintiffs' First Claim for Relief, the Court orders defendant to submit to an audit of her business records as described below for the period from January 1, 1996, to the present (or until such date as defendant's collective bargaining agreement with the Northern

California District Council of Laborers is shown to have been terminated).  Upon receipt of written demand from the plaintiff Trust Funds, defendant shall permit the Trust Funds' auditor to come onto the premises of defendant's business during business hours, at a reasonable time or times, not less than two working days after such request, and to examine and copy such of defendant's books, records, papers or reports as the Trust Funds' auditor may deem necessary to determine whether defendant has made full and prompt payment of all sums required to be paid by defendant to the Trust Funds pursuant to written agreement. Those financial records, which defendant shall make available to the Trust Funds' auditor, shall include but not be limited to the following:

> Individual earnings records; Federal Tax Forms W-3/W-2 and 1069/1099; Reporting forms for all Trust Funds, State DE-3/DE-6 Tax Reports; Workers' compensation insurance; Employee time cards; Payroll Registers/Journals; Quarterly payroll tax returns (Form 941); Check register and supporting cash vouchers; Forms 1120, 1040 or partnership tax returns; General ledger; Source Records, including time cards and time card summaries for all employees; Certified payroll reports; Personnel records indicating job classifications and hire/termination dates; Cash disbursement journal; Vendor invoices; Copies of subcontract agreements; Cash receipts journal; Job cost records; Records of related entities; and any other books and records that may be necessary to complete the auditor's determination or provide additional explanation of defendants' financial records.

The Court shall retain jurisdiction to enforce this mandatory injunction and to hear a motion for amended pleadings or procedural or dispositive motions relating to plaintiffs' complaint for a further money judgment for unpaid employer contributions and related expenses owed by defendant as may be discovered by such audit or further discovery.

Plaintiffs shall provide the Court with a written status report on or before April 6, 2007.

**IT IS SO ORDERED.**

Dated: Jan. 3, 2007

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE