1   Ronald L. Richman, SBN 139189
    E-mail: ron.richman@bullivant.com
2   Joye Blanscett, SBN 191242
    E-mail: joye.blanscett@bullivant.com
3   Bullivant Houser Bailey PC
    601 California Street, Suite 1800
4   San Francisco, CA 94108
    e-mail: ron.richman@bullivant.com
5   Telephone:   (415) 352-2700
    Facsimile:    (415) 352-2701
6

7   Attorneys for Plaintiffs

8

9                  UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12  BOARD OF TRUSTEES OF THE LABORERS        Case No.: C06-03943 CRB
    HEALTH AND WELFARE TRUST FUND
13  FOR NORTHERN CALIFORNIA; et al.

14              Plaintiffs,                  **PLAINTIFFS' APPLICATION FOR ORDER
                                            SHOWING CAUSE RE: CONTEMPT AND
15       v.                                 [PROPOSED] ORDER THEREON**

16  TERESA WHARTON, individually and d/b/a
    WHARTON UNDERGROUND,
17
                Defendants.
18

19       Plaintiffs Boards of Trustees of the Laborers Health and Welfare Trust Fund for

20  Northern California, Boards of Trustees of the Laborers Vacation-Holiday Trust Fund for

21  Northern California, Boards of Trustees of the Laborers Pension Trust Fund for Northern

22  California and Boards of Trustees of the Laborers Training and Retraining Trust Fund for

23  Northern California (collectively "Trust Funds") by and through their attorneys of record hereby

24  submit this application for an order to show cause, against Teresa Wharton individually and

25  doing business as Wharton Underground, as to why she should not be held in contempt and

26  sanctioned for failure to comply with the preliminary mandatory injunction issued by this Court

27  on January 3, 2007.  In addition to the facts set forth herein, this application is based on the

    Declarations of Joye Blanscett and Ana Sorenson filed herewith.

                                   – 1 –

1    On January 3, 2007, this Court issued an Order Granting Preliminary Mandatory

2  Injunction ("Order") against Teresa Wharton individually and doing business as Wharton

3  Underground compelling her to make available defendants' business records to the Laborers

4  Trust Funds' auditor for inspection and copying during normal business hours and upon 48

5  hours notice of written demand by the Laborers Trust Funds.  (See Order attached as Exhibit

6  "A" to Blanscett Declaration).  Specifically, defendants were required to make available the

7  following documents for the time period January 1, 1996 to the present:

8              Individual Earnings Records; Federal Tax Forms W-3/W-2 and
             1069/1099; Reporting forms to all Trust Funds; State DE-3/DE-6
9            Tax Reports; Workers Compensation Insurance documents;
             Employee time cards; Check register and supporting cash
10           vouchers; Form 1120, 1040, or partnership tax returns; General
             Ledger; Source Records, including time cards or time cares
11           summaries for all employees; Certified payroll reports; Personnel
             records in indicating job classifications and hire/termination dates;
12           Cash distribution journal; Vendor invoices; Copies of subcontract
             agreements; Cash receipt journal; Job cost records; Records of
13           related entities; and Other books and records that may be
             necessary to complete the auditors determination or provide
14           additional explanation of your financial records.

15    On February 13, 2007, Defendant Teresa Wharton, on behalf of herself and Wharton

16  Underground, was served with a copy of the Order by certified mail, return receipt requested.

17  On February 14, 2007, Plaintiffs, through their counsel, demanded that defendants make their

18  business records available for inspection, at defendants' place of business, by the Trust Funds'

19  auditor on March 5, 2007.  A copy of the Order was attached to the Plaintiffs' demand.

20    On or about February 26, 2007, Defendant Teresa Wharton contacted the Trust Funds'

21  legal counsel regarding the demand.  Defendant Wharton indicated that the business did not

22  have, as it did not maintain, all of the documents required by the Order but that she would

23  produce the business records available.  Ms. Wharton was referred to the Trust Funds' auditor to

24  discuss the production and copying of documents.  The Trust Funds auditor appeared at the

25  Defendants place of business on March 5, 2007 and was informed that the business records were

26  not available for inspection or copying.  Plaintiffs' auditor was told that Defendants' accountant

27  would be mailing, if he had not already done so, the documents necessary for the audit.

– 2 –

PLAINTIFFS' APPLICATION FOR ORDER SHOWING CAUSE RE: CONTEMPT

1    Upon not receiving the requested documents, the Trust Funds, through their counsel, sent

2  a second demand on April 6, 2007 to defendants requiring that the documents necessary to

3  conduct an audit be produced as promised by no later than April 16, 2007.  To date, the required

4  documents have not been produced.

5    Despite being on notice of the Court's Order and a proper demand having been served on

6  the defendants as required by the Order, Defendant Teresa Wharton individually and doing

7  business as Wharton Underground, has failed, and continues to fail, to comply with the Court's

8  Order issued January 3, 2007.  Accordingly, Plaintiffs request that this Court issue an order to

9  show cause why Defendants should not be held in contempt and sanctioned for failure to

10  comply with the Court's Order dated January 3, 2007.

11    DATED:  April 25, 2007

12    BULLIVANT HOUSER BAILEY PC

13

14    By
    Joye Blanscett
15    Attorneys for Plaintiffs

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

– 3 –

PLAINTIFFS' APPLICATION FOR ORDER SHOWING CAUSE RE: CONTEMPT

1

## <u>ORDER TO SHOW CAUSE</u>

2      For good cause appearing it is hereby ORDERED that Defendant Teresa Wharton

3  appear before this Court on _May 11, 2007_____, at _10:00_ in Courtroom 8, on 19th Floor of the

4  United States District Court for the Northern District of California, located at 450 Golden Gate

5  Ave, San Francisco, to show cause why she should not be held in contempt and sanctioned for

6  failure to comply with the Court's Order dated January 3, 2007.

7      Plaintiffs are ordered to serve Defendants with a copy of this Order.

8  IT IS SO ORDERED:

9  DATED___May 2, 2007_____

10                                                   By: _____
                                                     Honorable Charles R. Breyer
11                                                   United States

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27



– 4 –

**PROOF OF SERVICE**

I am employed in the City and County of San Francisco by the law firm of Bullivant Houser Bailey ("the business"), 601 California Street, Suite 1800, San Francisco, CA 94108. I am over the age of 18 and not a party to this action. On April 25, 2007, I served the document(s) entitled:

- **PLAINTIFFS' APPLICATION FOR ORDER SHOWING CAUSE RE: CONTEMPT AND [PROPOSED] ORDER THEREON**

upon the following party(ies):

Teresa Wharton
individually and d/b/a
Wharton Underground
645 Buena Vista Ave.
Gilroy, CA  95020

☒ BY MAIL (CCP § 1013(a)):  I am readily familiar with the ordinary practice of the business with respect to the collection and processing of correspondence for mailing with the United States Postal Service.  I placed a true and correct copy(ies) of the above-titled document(s) in an envelope(s) addressed as above, with first class postage thereon fully prepaid.  I sealed the aforesaid envelope(s) and placed it(them) for collection and mailing by the United States Postal Service in accordance with the ordinary practice of the business.  Correspondence so placed is ordinarily deposited by the business with the United States Postal Service on the same day.

( ) BY FACSIMILE TRANSMISSION (CCP § 1013(e), CRC 2008(e)):  I transmitted the document(s) by facsimile transmission by placing it(them) in a facsimile machine (telephone number 415-352-2701) and transmitting it(them) to the facsimile machine telephone number(s) listed above.  A transmission report was properly issued by the transmitting facsimile machine.  Each transmission was reported as complete and without error.  A true and correct copy of the transmission report is attached hereto.

( ) BY OVERNIGHT DELIVERY (CCP § 1013(c)):  I am readily familiar with the ordinary practice of the business with respect to the collection and processing of correspondence for mailing by Express Mail and other carriers providing for overnight delivery.  I placed a true and correct copy(ies) of the above-titled document(s) in an envelope(s) addressed as above, with first class postage thereon fully prepaid.  I sealed the aforesaid envelope(s) and placed it(them) for collection and mailing by Express Mail or other carrier for overnight delivery in accordance with the ordinary practice of the business.  Correspondence so placed is ordinarily deposited by the business with Express Mail or other carrier on the same day.

( ) BY PERSONAL SERVICE UPON AN ATTORNEY (CCP § 1011(a)):  I placed a true and correct copy(ies) of the above-titled document(s) in a sealed envelope(s) addressed as indicated above.  I delivered each of said envelope(s) by hand to a receptionist or a person authorized to accept same at the address on the envelope, or, if no person was present, by leaving the envelope in a conspicuous place in the office between the hours of nine in the morning and five in the afternoon.

( ) BY HAND  Pursuant to Code of Civil Procedure § 1011, I directed each envelope to the party(ies) so designated on the service list to be delivered by courier this date.  A proof

– 1 –

PROOF OF SERVICE

1   of service by hand executed by the courier shall be filed/lodged with the court under
2   separate cover.

( )   BY PERSONAL SERVICE UPON A PARTY (CCP § 1011(b)): I placed a true and
3   correct copy(ies) of the above-titled document(s) in a sealed envelope(s) addressed as
    indicated above. I delivered each of said envelope(s) by hand to a person of not less
4   than 18 years of age at the address listed on the envelope, between the hours of eight in
    the morning and six in the evening.

5
        I declare under penalty of perjury that the foregoing is true and correct. Executed on
6   April 25, 2007, at San Francisco, California.

7

8                                                   _____
                                                         Delores L. Sandefur
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

─ 2 ─

PROOF OF SERVICE